| | United States District Court, Northern District of Illinois | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
| CASE NUMBER | 03 C 5805 | DATE | 7/28/2004 |
| CASE TITLE | Jones vs. Thompson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the plaintiff's motion for summary judgment is denied and the defendant's motion for summary judgment is granted. All pending dates and motions are stricken as moot. Terminating case. Enter Memorandum Opinion.
(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BEVERLY L. JONES,            )
                             )
       Plaintiff,        )
                             )
v.                           )   No. 03 C 5805
                             )
TOMMY G. THOMPSON, Secretary of )
the Department of Health and Human )
Services,                    )
                             )
       Defendant.        )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Beverly L. Jones' ("Jones") motion for summary judgment and on Defendant's motion for summary judgment. For the reasons stated below, we deny Jones' motion for summary judgment and grant Defendant's motion for summary judgment.

## BACKGROUND

Jones is a black female who began working for the U.S. Department of Health and Human Services ("HHS") in Chicago, Illinois in 1979. On August 30, 1993,

1

HHS announced a vacancy for a G-13 health insurance position within the Health Standards and Quality Division of Health Care Financing Administration ("HCFA"). The position involved acting as the principal Medicare/Medicaid program representative for one particular region of the country and would require the individual to act as a team leader to monitor, direct, evaluate, and provide technical assistance to agencies in Medicare and Medicaid activities. The individual would be required to offer expertise in areas such as certification, budgeting, training, and contractual arrangements. In September of 1993, Jones, Doug Wolf ("Wolf"), a white male, and several other individuals applied for the position. Wolf was eventually chosen for the position. Jones has now brought suit against Defendant alleging that Defendant discriminated against Jones because of her race and because of her gender in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Specifically Jones claims that the selection process was flawed and that members of the selection panel were biased.

## LEGAL STANDARD

Summary judgment is appropriate when the record reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the

2

moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations or denials in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

A plaintiff bringing a Title VII claim may proceed under the direct method of proof or the indirect burden-shifitng method. *Grayson v. City of Chicago*, 317 F.3d 745, 748 (7th Cir. 2003). To establish a *prima facie* case under the indirect method in the context of a failure to promote a plaintiff must show that: "1) [s]he belongs to a protected class, 2) [s]he applied for and was qualified for the position sought, 3) [s]he was rejected for that position[,] and 4) the employer granted the promotion to someone outside the protected group who was not better qualified than the plaintiff." *Id.* If the plaintiff establishes a *prima facie* case the burden shifts to the employer to provide a legitimate, non-discriminatory reason for deciding not to promote the plaintiff. *Johnson v. Nordstrom*, 260 F.3d 727, 731-32 (7th Cir. 2001).

Defendant concedes for the sake of argument that Jones met the burden of establishing a *prima facie* case and Defendant proceeded directly to the pretext issue. Jones is a member of a protected class. There is no indication that she was not qualified for the position in question. She was rejected for the position. We cannot conclude as a matter of law that Wolf was better qualified than Jones, particularly in the absence of any argument from Defendant on the issue. However, Defendant has provided a legitimate non-discriminatory reason for choosing Wolf

4

instead of Jones. Defendant contends that the decision was made by a panel of managers that followed an established selection process for hiring. The burden thus shifts to Jones to show that the given reason by Defendant was merely a pretext to allow Defendant to discriminate against Jones because of her race and gender.

I. Whether Pretext is Shown Because Jones Was Better Qualified

Jones first argues that she is better qualified for the desired position than Wolf which shows that Defendant's reason is a pretext. Jones claims that she is a better candidate because Wolf has a speech impediment and hearing difficulties. However, Jones fails to show that Wolf was not capable of performing the requirements of the job. Jones concludes that simply because Wolf has physical impairments that he does not have "good communication skills." (A. Mot. 6). However, such an assumption is exactly the type of discriminatory stereotyping of a person that Jones herself complains about. Jones makes much of her degrees, but she admits that Wolf received a Bachelor of Science degree from Loyola University. (R SF 9). Jones also makes much of her experience, but Wolf had worked for HCFA in Chicago for over 17 years whereas Jones had worked for HCFA for 14 years. (R SF 10, 14). Jones also admits pursuant to Local Rule 56.1 that Wolf worked in the same office where the position was filled prior to his promotion and that "[a]t the time Wolf

5

applied for the position, he was a GS-12 and had performed many of the same duties of the position." ( R SF 12, 13). Jones attempts in a variety of ways to show that the selection process was flawed and that Defendant ultimately made the wrong decision in choosing Wolf because Jones was a better choice and was more qualified. However, such an argument is also inappropriate in the context of a pretext determination because the proper inquiry for the pretext analysis is whether the employer is honest in giving its reason for the employment action. *Stewart v. Henderson*, 207 F.3d 374, 378 (7th Cir. 2000). An employer's given reason is not a pretext even if the employer's decision was not "wise, or well-considered." *Id.* Jones' arguments indicating that the end result of the selection process was not the selection of the best candidate do not show pretext. *See Alexander v. Wisconsin Dept. of Health and Family Servs.*, 263 F.3d 673, 683 (7th Cir. 2001)(stating that a court "may not punish an employer for choices that constitute business decisions alone, no matter how unwise or mistaken they may seem to [the court.]").

II. Alleged Problems With Selection Process

Jones also claims that the members on the selection process were biased against her. Jones contends that Defendants gave the other applicants for the desired position the interview questions ahead of time, but did not give Jones the questions.

Defendant admits that some of the applicants were given some of the questions ahead of time. However, Jones merely contends that she does not remember receiving any questions, but she has never definitively stated that she did not receive such correspondence. (Adm. hearing 147-48). Even if she did not receive the correspondence, that would not be sufficient to show pretext. Jones also alleges that there was a conspiracy on the part of the hiring panel to discriminate against African-Americans and against women. Jones fails to show that other applicants who received interview questions ahead of time were not women or African-Americans.

Jones also claims, and Defendant does not deny for the purposes of summary judgment, that a member on the selection panel was friends with Wolf for many years prior to the selection. Jones also contends that three of the panel members had previously worked with Wolf. However, in making such an assertion Jones again misses the proper inquiry for a pretext analysis. The pertinent issue is whether Jones' employer lied in order to discriminate against her because of her race and gender. Even if the panel selected Wolf because members knew Wolf and a panel member was a friend of Wolf, those facts would not in and of themselves establish race or gender discrimination. Such discrimination is not merely presumed. Jones must come forth with some evidence that would allow a reasonable trier of fact to

conclude that the panel's decision was made because of a racial or gender animus. *See Flores v. Preferred Technical Group*, 182 F.3d 512, 514-15 (7th Cir. 1999)(stating that a plaintiff must show that the reason is a "mere pretext offered to mask the employer's true discriminatory animus.").

In the alterative, to show pretext Jones must show that her employer's explanation is not credible. *Logan v. Catipillar, Inc.*, 246 F.3d 912, 920 (7th Cir. 2001). Jones likewise fails in her attempts to poke holes in the selection process by her employer. The system is designed to fairly choose the best qualified applicant and based upon the evidence in this case Defendant's explanation is entirely credible and no reasonable trier of fact could conclude otherwise. Jones merely contends that in her case the system did not work and resorts to pointing out meaningless aspects of the system such as the fact that panel members do not keep the sheets with their individual scores and only submit the full panel's score.

Jones alleges, and Defendant admits, that one of the panel members has previously recommended the termination of an African-American employee, but has never recommended the termination of a white employee. However, this fact is of little value for the pretext inquiry. Without other pertinent information such as the number of employees that the panel member has recommended for termination and the racial makeup of the group of employees that the panel member's

8

recommendations addressed. In addition, the instant case involves the selection process for promotion of applicants and Jones does not claim in her statement of additional facts that the panel member has never recommended an African-American employee for a position that would be a promotion. A final inconsistency with Jones' attack on the panel member is that Jones admits that the panel member is a woman, (SAF 5), which undermines Jones' contention that she was discriminated against because of her gender. Completely absent in this action is evidence that would allow a reasonable trier of fact to conclude that the panel did not chose Jones because of her race or her gender. Jones' arguments can be summarized into two basic contentions. She claims that she was the better candidate for the job and she claims that the selection process was not fair in her case. We need not resolve either issue because neither of those facts are sufficient to establish a violation of Title VII for race or gender discrimination. We are not here to decide whether an employer chose the best applicant for a position. We are a court of law and are only able to remedy unfairness in employment decisions when they result in civil rights violations. *See Wells v. Unisource Worldwide, Inc.*, 289 F.3d 1001, 1007 (7th Cir. 2002)(stating that the "courts do not sit as super personnel departments to second guess an employer's facially legitimate business decisions.").

## CONCLUSION

Based on the foregoing analysis, we grant Defendant's motion for summary judgment.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 28, 2004